**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **MAURICE MYSHAWN TERRELL,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 07-2123 |
| **CITY OF KANKAKEE POLICE DEPT.,** | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

# REPORT AND RECOMMENDATION

In July 2007, Plaintiff, Maurice Terrell, acting *pro se*, filed a Complaint (#4) against Defendants City of Kankakee Police Department, Kankakee County Sheriff Police Department, City of Kankakee, and Hilton Garden Inn, alleging that Defendants violated Plaintiff's constitutional rights. The Court has jurisdiction based on federal question under 28 U.S.C. § 1331 because Plaintiff has alleged constitutional claims pursuant to 42 U.S.C. § 1983 (hereinafter "Section 1983").

In August 2007, Defendant Hilton Garden Inn filed a Motion To Dismiss (#11). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss **(#11)** be **DENIED**.

### I.  Background

The following background is based on the complaint. Plaintiff is a young black male. He alleges that he attended a party at the Hilton Garden Inn on July 1, 2006. At around 2:00 a.m., officers of the City of Kankakee Police Department and the Kankakee County Sheriff's Department attacked Plaintiff and other young black males as they were leaving the party. Plaintiff alleges that the officers attacked them with mace, nightsticks, and taser guns.

Plaintiff further alleges that the City and County officers were involved in a conspiracy with management of the Hilton Garden Inn "to intimidate and harass me and those of us who were leaving the party, because we were young black males" (#4, p. 4), the City of Kankakee Police Department and the County Sheriff's Department are guilty of police brutality and false arrest, and the officers used excessive force when they arrested Plaintiff. Plaintiff also alleges that the City and County officers conspired to cover up their acts of racial profiling, police brutality, and police misconduct. Finally, Plaintiff alleges that his false arrest by City and County officers resulted in defamation of Plaintiff's character.

Plaintiff alleges that he experienced physical and mental pain as a result of the conduct alleged. He seeks monetary damages.

## II. Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

Like any complaint, a *pro se* complaint may be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner,* 404 U.S. 519, 521 (1972). In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Id*. at 520-21. The Court need not, however, credit a *pro se* plaintiff's "bald

assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit a plaintiff to amend. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992).

### III.  Analysis

Defendant Hilton Garden Inn argues that the Court should dismiss the claims against it because (1) Plaintiff failed to adequately allege a conspiracy; and (2) Plaintiff has not alleged that Hilton Garden Inn was acting under color of law.

Defendant first contends that Plaintiff must allege an express or implied agreement to deprive Plaintiff of his constitutional rights and actual deprivation of those rights in the form of overt acts in furtherance of the agreement. *See Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988). The Court notes that *Scherer* does list the elements Defendant refers to, but in the context of what a plaintiff must show to establish a *prima facie* case of conspiracy, rather than what a plaintiff must allege to state a claim.

Recent Seventh Circuit case law indicates that a plaintiff need not provide facts in order to allege a conspiracy to violate a person's constitutional rights. Instead, a plaintiff need only identify the parties, purpose, and approximate date of the conspiracy. *See Loubser v. Thacker,* 440 F.3d 439, 442-43 (7th Cir.), *cert. denied,* __ U.S. __, 126 S. Ct. 2944 (2006). Here, Plaintiff specifically alleged that Defendants Kankakee Police Department and Kankakee County Sheriff's department were involved in a conspiracy with the management of Defendant Hilton Garden Inn. Thus, Plaintiff has identified the parties, the purpose – to harass and intimidate Plaintiff and his companions because they were black, and the approximate date of the conspiracy – around July 1, 2006. Consistent with Seventh Circuit authority and the Court's obligation to construe complaints liberally in favor of *pro se* plaintiffs, the Court concludes that Plaintiff has adequately stated a claim that Hilton Garden Inn conspired with the other defendants to violate Plaintiff's constitutional rights.

Defendant next contends that Plaintiff has not alleged that Defendant was acting under color of law. It is, of course, well-settled that a Section 1983 claim requires that the actor who allegedly deprived an individual of his constitutional rights must have acted under color of state law. *Alvarado v. Litscher,* 267 F.3d 648, 651 (7th Cir. 2001). In the context of Section 1983, the use of the word "state," as in "state actors," or "under color of state law," assumes its more general meaning of "government." The purpose of Section 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims who suffer the deprivation. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). Therefore, Section 1983 liability attaches only to those wrongdoers "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it" or when the "State provided a mantle of authority that enhanced the power of the harm-causing [private] actor." *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191, 192 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961), *overruled on other grounds by Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)).

Here, Defendant Hilton Garden Inn is clearly a private entity. Generally, the protections of Section 1983 do not extend to private conduct that violates individual rights no matter how abhorrent the conduct may be. *Id.*, 488 U.S. at 191. Nevertheless, private party status itself is not always dispositive of whether one acted under color of law. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350-51 (1974). The color of law requirement does not mandate that a defendant is a government official. It is enough that she willfully participates in a joint action with a government entity or its agents. "Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions." *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980); *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970) (stating that to act under color of law does not require that a defendant be an officer of the State; it is enough that she is a willful participant in joint activity with the State or its agents).

> Regarding this argument, Plaintiff's response to the motion to dismiss stated as follows:
>
> 1. The manager of the Hilton Garden Inn and wife of a police officer conspired with police officers, when she notified that police department that she was unsatisfied with the all Black partygoers.
>
> 2. Witnesses reported that the police officers were gathering and conferring outside of the Hilton before the party started.
>
> . . . .
>
> 10. The evidence shows that this was a planned attack on young black males by a predominately white police department who were out of control. The police officers used unnecessary and excessive force. The hotel manager's actions seemed racially motivated.

#26, ¶¶ 1-2, 10. Although a plaintiff may not amend his complaint through arguments in his brief, he may explain in his memorandum that the complaint as worded encompasses a claim that would entitle him to relief. *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993). Furthermore, the court's obligation to liberally construe a *pro se* plaintiff's pleadings includes a duty to consider allegations found in other documents filed by Plaintiff. *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992).

This Court must accept as true Plaintiff's allegations. Here, Plaintiff alleged that Defendants, including Hilton Garden Inn management, conspired with each other to harass Plaintiff and his friends because they were black. Based on liberal notice pleading standards, the Court concludes that Plaintiff has adequately alleged that Hilton Garden Inn acted under color of law by virtue of its willful participation in joint action with Kankakee City police officers and Kankakee County Sheriff's deputies. Accordingly, the Court recommends denying the motion to dismiss at this time.

### IV.  Summary

For the reasons stated above, the Court recommends that Defendant Hilton Garden Inn's Motion To Dismiss **(#11)** be **DENIED**.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 6th day of September, 2007.

                                                                            s/ DAVID G. BERNTHAL  
                                                                             U.S. MAGISTRATE JUDGE