UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| MAURICE MYSHAWN TERRELL and FREDERICK GREEN,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>CITY OF KANKAKEE POLICE DEPT., et al.,<br><br>　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)　　Case No.  07-2123<br>)<br>)<br>)<br>)<br>) |

# REPORT AND RECOMMENDATION

　　　　In July 2007, Plaintiff, Maurice Terrell filed a Complaint (#4) against Defendants City of Kankakee Police Department, Kankakee County Sheriff Police Department, City of Kankakee, and Hilton Garden Inn alleging that Defendants violated Plaintiff's constitutional rights.  In October 2007, Plaintiffs Terrell and Frederick Green filed a First Amended Complaint (#39) against Defendants City of Kankakee, Hilton Garden Inn, Officer Ray Pasal, Officer Lombardi, and Officer Passwater alleging violations of the United States Constitution and state law.  The Court has jurisdiction based on federal question under 28 U.S.C. § 1331.

　　　　In October 2007, Defendants City of Kankakee, Pasal, Lombardi, and Passwater (hereinafter "City of Kankakee Defendants") filed a Motion To Dismiss Counts II and IX of Plaintiffs' First Amended Complaint (#48).  After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that City of Kankakee Defendants' Motion To Dismiss Counts II and IX of Plaintiffs' First Amended Complaint **(#48)** be **GRANTED**.

## I.  Background

　　　　The following background is based on the amended complaint.  Plaintiffs are African-American males.  Defendants Pasal, Lombardi, and Passwater are officers of the City of Kankakee Police Department, sued in their individual capacities.

Plaintiffs allege that they attended a party at the Hilton Garden Inn on July 1, 2006. At around 2:00 a.m., Defendant officers attacked Plaintiffs with mace, nightsticks, and taser guns as they were leaving the party. The officers arrested Plaintiffs, held them in a paddy wagon for about one hour, then transported them to the police department and held them in cells for several hours before releasing them on bond.

Plaintiffs also allege that Defendants participated in a conspiracy with management of the Hilton Garden Inn to deprive Plaintiffs of their constitutional rights and to subject Plaintiffs to harassment and intimidation because they are African-American. In addition, Defendants singled Plaintiffs out for unequal treatment based on their skin color and conspired to deny Plaintiffs of due process by writing false police reports and false complaints and misinforming prosecutors of the basis for the charges against Plaintiffs.

Plaintiffs' amended complaint alleges ten counts, as follows: Count I, against Defendants City, Pasal, Lombardi, and Passwater, alleges a constitutional claim of excessive force. Count II, against Pasal, Lombardi, and Passwater, alleges negligent infliction of emotional distress. Count III, against Pasal, Lombardi, and Passwater, alleges intentional infliction of emotional distress. Count IV, against all Defendants, alleges conspiracy to deprive Plaintiffs of their constitutional rights based on their race. Count V alleges that Defendants violated Plaintiffs' constitutional rights to equal protection. Count VI, against Pasal, Lombardi, and Passwater, alleges that Defendants conspired to deprive Plaintiffs of their constitutional rights to due process. Count VII, against Pasal, Lombardi, and Passwater, alleges battery. Count VIII, against Pasal, Lombardi, and Passwater, alleges assault. Count IX, against Pasal, Lombardi, and Passwater, alleges malicious prosecution. Count X, against the City of Kankakee, alleges that the City should be held liable for the acts of Pasal, Lombardi, and Passwater based on the doctrine of *respondeat superior*.

## II. Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520

(7th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court has interpreted this language to impose two "easy-to-clear hurdles": First, the plaintiff must plead sufficient facts to give fair notice of the claim and the grounds upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative' level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 1965, 1973 n.14 (2007)). On a motion to dismiss, the Court treats all well-pleaded allegations in the complaint as true, and draws all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atlantic,* 127 S.Ct. at 1965 (requiring plausible grounds for inferences if those inferences are to sustain a complaint).

### III. Analysis

Defendants argue that the Court should dismiss Count II of the complaint because (1) the Illinois Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/2-202) (hereinafter "Tort Immunity Act") immunizes government officials from suit for negligent conduct; and (2) it duplicates the claim of intentional infliction of emotional distress alleged in Count III. As to Count IX, Defendants argue that it fails to state a claim for malicious prosecution because it does not allege that the criminal proceedings terminated in favor of Plaintiffs.

### A. Count II

Defendants argue that they are immune from liability as to Count II based on Section 2-202 of the Tort Immunity Act which immunizes government officials from allegations of negligence when the alleged conduct occurs in the execution and enforcement of law. It is undisputed that the officers were acting in the execution or enforcement of law during relevant times.

3

Plaintiffs respond that they have alleged willful and wanton conduct in Count II and that Section 2-202 of the Tort Immunity Act expressly excludes such conduct from immunity. Defendants contend that if the allegations of willful and wanton conduct in Count II are sufficient to overcome the immunity for negligence provided by the Tort Immunity Act, then the Court should dismiss Count II because it is duplicates the claim of intentional infliction of emotional distress alleged in Count III.

Under Illinois law, claims of willful and wanton or intentional conduct are inconsistent with claims of negligence. *Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918, 931 (N.D. Ill. 2000) (citing *Ziarko v. Soo Line R.R. Co.*, 641 N.E.2d 402, 405 (Ill. 1994) (describing the difference between negligent conduct, willful and wanton conduct, and intentional conduct)).

Here, Plaintiffs titled Count II "Negligent Infliction of Emotional Distress" and alleged that Defendants' conduct was both negligent and willful and wanton. In Count III, Plaintiffs alleged that Defendants' conduct was intentional and willful and wanton. (#39, ¶¶ 43, 43c, 43f, 44, 47.) Plaintiffs cannot have it both ways. If they are alleging negligence in Count II, then the Tort Immunity Act immunizes Defendant officers. If they are alleging willful and wanton conduct, then the Act does not protect the officers, but the Court agrees that Count II essentially duplicates Count III. Accordingly, the Court recommends dismissing the negligence claim in Count II based on Section 2-202 of the Tort Immunity Act.

### B. Count IX

Defendants next contend Count IX fails to state a claim for malicious prosecution because it does not allege that the criminal proceedings terminated in favor of Plaintiffs. Plaintiffs respond that the underlying criminal cases are not over yet; nevertheless, they contend that the malicious prosecution claims arise from "the already perjured testimony of Defendant police officers that have caused the proceedings to be continued for over 15 months." (#54, p. 5.)

The Court agrees with Defendants.  Plaintiffs acknowledged in their memorandum that they did not allege that the criminal proceedings had terminated in their favor because the proceedings have not yet terminated.  To state a claim for malicious prosecution under Illinois law, a plaintiff must allege that:  (1) he was subjected to judicial proceedings; (2) for which there was no probable cause; (3) the defendants instituted or continued the proceedings maliciously; (4) the proceedings were terminated in the plaintiff's favor; and (5) the plaintiff was injured.  *Reed v. City of Chi.*, 77 F.3d 1049, 1051 (7th Cir. 1996); *Ross v. Mauro Chevrolet,* 861 N.E.2d 313, 319 (Ill. App. Ct. 2006); *see also Ferguson v. City of Chi.*, 820 N.E.2d 455, 459 (Ill. 2004) (stating that "[a] cause of action for malicious prosecution does not accrue until the criminal proceeding on which it is based has been terminated in the plaintiff's favor").  Thus, Plaintiffs have failed to state a claim of malicious prosecution and the Court recommends granting the motion to dismiss Count IX at this time.

### IV.  Summary

For the reasons stated above, the Court recommends that City of Kankakee Defendants' Motion To Dismiss Counts II and IX of Plaintiffs' First Amended Complaint **(#48)** be **GRANTED**.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 28th day of November, 2007.

s/ DAVID G. BERNTHAL<br>U.S. MAGISTRATE JUDGE